IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY ALVERSON, ) | |
| AIS #132431, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-517-RAH |
| ) | |
| KAY IVEY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[1]

Rodney Alverson, a state inmate and frequent federal litigant, filed the instant 42 U.S.C. § 1983 action challenging the constitutionality of conditions at the Bullock Correctional Facility ("Bullock"). In this civil action, Alverson has filed several motions for preliminary injunctive relief, *see* Doc. 10 (challenging his placement at Bullock, alleged the most violent prison, and in a dorm Alverson deems the most violent at Bullock both as retaliation for prior legal activities), Doc 18 (alleging deactivation of his personal identification number or PIN utilized to make phone calls as retaliation for filing civil actions), Doc. 29 (requesting employment of additional correctional officers at Bullock)

---

[1] All documents and attendant page numbers cited in this Recommendation are those assigned by the Clerk in the docketing process.

and Doc. 31 (seeking closure of Bullock). Pursuant to the orders of this court, the defendants filed responses and supplements thereto addressing each motion for preliminary injunction.

Upon consideration of the motions for preliminary injunction filed by Alverson, and after thorough review of the responses and supplements thereto filed by the defendants, including supporting evidentiary materials, and the replies thereto filed by Alverson, the undersigned finds that these motions are due to be denied.

## II.  STANDARD OF REVIEW AND REQUISITE ELEMENTS

"The grant or denial of a preliminary injunction rests within the sound discretion of the district court." *Transcon. Gas Pipe Line Co. v. 6.04 Acres, More or Less*, 910 F.3d 1130, 1163 (11th Cir. 2018); *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (same). This court may grant a preliminary injunction only if the plaintiff demonstrates each of the following requisite elements: (1) a substantial likelihood of success on the merits; (2) an irreparable injury will occur absent issuance of the injunction; (3) the injunction would not substantially harm the non-moving parties; and (4) if issued, the injunction would not be adverse to the public interest. *Long v. Sec'y Dept. of Corrections*, 924 F.3d 1171, 1176 (11th Cir. 2019); *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to the

four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotations omitted); *Wreal LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations and citation omitted) ("A preliminary injunction is an extraordinary and drastic remedy, and [Plaintiff] bears the burden of persuasion to clearly establish all four of these prerequisites."); *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (holding that a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (holding that the grant of a preliminary injunction "is the exception rather than the rule," and the movant must clearly carry the burden of persuasion on each of the requisite elements). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's request for injunctive relief, regardless of the party's ability to establish any of the other requisite elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

In their responses, the defendants deny undertaking any retaliatory action against Alverson regarding his transfer to Bullock or dorm assignment. Doc. 22-1 at 1; Doc. 27-1

at 1.  They also maintain that Alverson's institutional placement and dorm assignment were based on applicable criteria, not as any form of retaliation.  Doc. 22-1 at 1; Doc. 27-1 at 1, The defendants further assert that "[t]he dorm to which Inmate Alverson was assigned is no more or less dangerous than any other regular general population dorm."  Doc. 27-1 at 1.  With respect to the issue Alverson initially experienced with his PIN in making the 15-minute free call per week provided by the Alabama Department of Corrections during the COVID-19 pandemic, the defendants argue that this issue did not result from retaliation.  Doc. 43-3 at 1, and has now been corrected by issuance of a new PIN to Alverson for making such calls.  Doc. 43-1 at 1; Doc. 43-2 at 1.  Finally, in addressing the request for additional correctional officers at Bullock and/or the closure of this facility, the defendants argue these measures are not warranted.  Doc. 43-5 at 1–2 (no indication that staffing level played any role in the inmate deaths which occurred at Bullock from March 1, 2020 until November 1, 2020).

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Alverson has failed to demonstrate a substantial likelihood of success on the merits of the claims for which he seeks injunctive relief.  Simply put, it is well-settled that Alverson has no constitutional right to confinement in a particular prison or a dorm of his choosing.  *Meachum v. Fano*, 427 U.S. 215, 224 (1976).  Next, "[t]he third and fourth factors, harm to the opposing party and the public interest, merge when the Government is the opposing party."  *Nken v. Holder*, 556 U.S. 418, 435 (2009).  Here, the undersigned discerns that each of these factors weighs in favor of the defendants.  As to these factors,

the undersigned finds that the public interest and that of the State in managing the housing of inmates and the privileges bestowed upon them, i.e., free phone time, is clearly significant. In addition, with respect to balancing potential harm to the parties, this factor clearly weighs much more heavily in favor of the defendants as issuance of the requested injunctions would substantially interfere with the ability of correctional officials to determine the manner in which to most effectively manage the transfer of inmates between correctional facilities and greatly impede their ability to make decisions regarding the housing of inmates. The undersigned further finds that balancing potential harm to the parties also weighs heavily in favor of the defendants regarding the number of correctional officers who must be employed at a particular facility and whether a facility should be closed. Thus, under the circumstances of this case, the undersigned concludes that Alverson has failed to meet his burden of demonstrating the existence of each prerequisite element necessary to warrant issuance of the requested preliminary injunctions.

## IV. CONCLUSION

While the court understands the concerns expressed by Alverson, he has not shown the injunctive relief he seeks is appropriate. An injunction is "not to be granted unless the movant clearly establish[es] the burden of persuasion as to all four elements." *CBS Broadcasting v. Echostar Communications Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001) (internal quotations omitted). Alverson has failed to carry his burden of persuasion on each of requisite element as is required to establish entitlement to preliminary injunctive relief.

For the reasons discussed herein, the undersigned concludes that the motions for preliminary injunction filed by Alverson are due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motions for preliminary injunction filed by the plaintiff (Doc. 10, Doc. 18, Doc. 29 and Doc. 31) be DENIED.

2. This case be referred back to the undersigned Magistrate Judge for further appropriate proceedings.

On or before **February 10, 2021**, the parties may file objections to this Recommendation.  The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal

in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 27th day of January, 2021.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE