IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY ALVERSON, #132431, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:20-CV-517-RAH-CSC |
| KAY IVEY, et al., | ) |
| Defendants. | ) |

**RECOMMENDATON OF THE MAGISTRATE JUDGE**

The Plaintiff, Rodney Alverson, a state inmate and a frequent federal litigant, has filed two Motions for Preliminary Injunction, both seeking a court ordered transfer of Plaintiff to a safer dorm based upon unreported assaults against the Plaintiff occurring in April, May, June, and August 2020 and Plaintiff's refused access to his assigned bunk by a fellow inmate. (Docs. 88 and 104). Specifically, the Plaintiff claims that he has "earned the right to be housed in a safer dorm as C-Dorm or I-Dorm." (Doc. 104 at p. 3). Pursuant to orders of this court, the Defendant filed responses addressing the claims presented in the motions for preliminary injunction. (Docs. 97, 107, 119). Upon consideration of the motions for preliminary injunction filed by Alverson and after review of the responses thereto filed by the Defendants, including supporting evidentiary materials, (Docs. 97, 107, 119), the undersigned finds that the motions for preliminary injunction are due to be denied.

**II.  STANDARD OF REVIEW AND REQUISITE ELEMENTS**

"The grant or denial of a preliminary injunction rests within the sound discretion of the district court." *Transcon. Gas Pipe Line Co. v. 6.04 Acres, More or Less*, 910 F.3d

1130, 1163 (11th Cir. 2018); *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (same). This court may grant a preliminary injunction only if the plaintiff demonstrates each of the following requisite elements: (1) a substantial likelihood of success on the merits; (2) an irreparable injury will occur absent issuance of the injunction; (3) the injunction would not substantially harm the non-moving parties; and (4) if issued, the injunction would not be adverse to the public interest. *Long v. Sec'y Dept. of Corrections*, 924 F.3d 1171, 1176 (11th Cir. 2019); *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotations omitted); *Wreal LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations and citation omitted) ("A preliminary injunction is an extraordinary and drastic remedy, and [Plaintiff] bears the burden of persuasion to clearly establish all four of these prerequisites."); *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (holding that a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (holding that the grant of a preliminary injunction "is the exception rather than the rule," and the movant must clearly carry the burden of persuasion on each of the requisite elements). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's request for injunctive relief, regardless of the party's

ability to establish any of the other requisite elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

Plaintiff seeks transfer to a safer dorm based upon unreported assaults against the Plaintiff occurring in April, May, June, and August 2020 and his inability to "fight" for his bed. (Docs. 88, 104, 107)[1].  Patrice R. Jones, Bullock County Correctional Facility Warden, testified that "[t]he dorm inmate Alverson is/was assigned to is no more or less dangerous than any other regular population dorm." (Doc. 119-1.) Furthermore, David Gallew, who is employed by the Department of Corrections as a supervisory agent with the Law Enforcement Service Division ("LESD"), testified by affidavit that the LESD has the responsibility for investigating incidents of assault and deaths that occur in ADOC facilities including Bullock. Based on Gallew's review of Plaintiff's injunction and LESD records related to assaults at Bullock between April 1, 2020 and August 31, 2020, he stated, "[a]ccording to our records, there has been no report of any assault or crime of violence involving the Plaintiff" during this time period. He noted the Plaintiff admitted in his motion, that "he failed to report his alleged assaults, therefore no preventative action could

---

[1] The Plaintiff previously filed a Motion for Preliminary Injunction seeking transfer to a safer dorm (Doc. 10) which this Court denied recognizing Alverson has no constitutional right to confinement in a particular prison or a dorm of his choosing and citing *Meachum v. Fano,* 427 U.S. 215, 224 (1976). (Docs. 50 at p. 4 and 57).

3

have been taken." Doc. 119-2 at pp. 1-2. Further, he testified that there were two homicides at Bullock between March 2021 and June 2021 and the investigations on these matters remain open. Finally, he stated that between March 2, 2021 and June 30, 2021, there were 4 other inmate deaths at Bullock. Investigations of these deaths resulted in findings of one suicide and three natural deaths. *Id.* at pp. 2-3. Thus, turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Alverson has failed to demonstrate a substantial likelihood of success on the merits of his claims for relief. The undersigned further finds Alverson likewise fails to establish a substantial threat he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunctions.

Next, although "[t]he third and fourth factors, harm to the opposing party and the public interest, merge when the [States or any of its actors] is the opposing party[,]" *Nken v. Holder*, 556 U.S. 418, 435 (2009), the undersigned discerns that at this juncture of the proceedings each of these factors weighs in favor of the Defendant.. As to these factors, the undersigned finds that the public interest and that of the State in managing its prisons and the inmates confined therein is clearly significant. In addition, with respect to balancing potential harm to the parties, this factor clearly weighs much more heavily in favor of the Defendant as issuance of the requested injunction would substantially interfere with the ability of correctional officials to determine the manner in which to most effectively manage inmates within their custody and greatly impede their ability to make routine decisions regarding inmates. Thus, under the circumstances of this case, the undersigned finds that Alverson has failed to meet his burden of demonstrating the

existence of each prerequisite element necessary to warrant issuance of the requested preliminary injunctions.

## IV.  CONCLUSION

Alverson has not shown the injunctive relief he seeks is appropriate.  An injunction is "not to be granted unless the movant clearly establish[es] the burden of persuasion as to all four elements."  *CBS Broadcasting v. Echostar Communications Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001) (internal quotations omitted).  Alverson has failed to carry his burden of persuasion on each of requisite element as is required to establish entitlement to preliminary injunctive relief.  For the reasons discussed herein, the undersigned concludes that the motions for preliminary injunction filed by Alverson are due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motions for preliminary injunction filed by the plaintiff, Docs. 88 and 104, be DENIED.

2. This case be referred back to the undersigned Magistrate Judge for further appropriate proceedings.

On or before **December 16, 2021**, the parties may file objections to this Recommendation.  The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal

conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of December 2021.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE