IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY DALE ALVERSON, #132431, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:20-CV-517-RAH-CSC |
| KAY IVEY, et al., | ) ) | |
| Defendants. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff Rodney Dale Alverson initiated this *pro se* 42 U.S.C. § 1983 action in July 2020. *See* Doc. 1. Defendants have since filed a Special Report and Answer, supplements thereto, and supporting evidentiary materials denying Plaintiff's claims. Accordingly, on September 22, 2021, the Court issued an Order directing Plaintiff to respond to Defendants' materials on or before October 15, 2021. Doc. 129. On Plaintiff's motion, the Court subsequently extended the deadline to November 15, 2021. *See* Doc. 141. The Court specifically cautioned Plaintiff that, if he failed to file a response, the Court would treat that failure as an abandonment of the Complaint and a failure to prosecute this action, and the undersigned Magistrate Judge would recommend dismissal of this case. Doc. 129 at 1. However, nearly a year has passed since the deadline, and Plaintiff has failed to file a response as directed.

Because Plaintiff has failed to comply with Court orders, the undersigned concludes this case should be dismissed without prejudice.[1] *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this instance, where Plaintiff failed to comply despite the Court's clear admonition, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that, on or before **October 26, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.

---

[1] In August 2022, Plaintiff filed a Motion for a Disposition of Pleadings, in which he stated that various unidentified inmates stole his legal work from August through December 2021. Doc. 149. However, the Court notes that Plaintiff filed numerous motions throughout that period, including a motion for extension of time to file his response to Defendants' materials, which failed to indicate that he lacked access to his legal paperwork. Additionally, Plaintiff's motion fails to explain why it took him nearly eight months to make any effort to prosecute this action after his paperwork was allegedly stolen in December 2021. Thus, despite Plaintiff's allegations, the undersigned finds that dismissal is warranted.

Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of October, 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE